

# Fourth Court of Appeals
## San Antonio, Texas

September 5, 2018

No. 04-18-00275-CV

**CITY OF MASON, TEXAS**,
Appellant

v.

William Robin **LEE** as Trustee of Lee Descendants Trust; William Harold Zesch
and Amy Daviss Zesch; and Dennis Evans and Kay Evans (Cross-Appellant),
Appellees

From the 452nd District Court, Mason County, Texas
Trial Court No. 185789
The Honorable Robert Rey Hofmann, Judge Presiding

## ORDER

Sitting:      Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

This is an interlocutory appeal of the trial court's order partially granting and partially denying a plea to the jurisdiction. In the underlying lawsuit, appellees alleged claims against the City of Mason, Texas, City officials, Cathie Tyler, and Jaime Reyes and Mari Heisler-Reyes. The City appealed the portion of the trial court's order denying the plea to the jurisdiction as to the regulatory takings claim against the City. The appellees appealed the portion of the trial court's order granting the plea to the jurisdiction as to the other claims asserted against the City and the City officials.

In its second supplemental plea, the City noted the appellees settled their claims against the Reyeses and asserted the settlement "effectively moots all claims relating to the Reyes's [sic] plans to build a house on the property and any issues relating to the City's issuance of a building permit." In their response to the City's plea, the appellees acknowledged they reached a settlement with the Reyeses (which is included in the clerk's record filed in this appeal), stating, "Once this settlement is finalized, the issue over the permit issued to the Reyeses will be moot. However, the unlawfully approved Minor Plat is still at issue" and "[t]he remaining Tyler property is also non-compliant with the Ordinance, as was the initial Minor Plat when it was filed by the City Building Official."

In their appellees' brief, however, the appellees state:

> [T]he Appellees have settled their claims with both the Tyler Defendant and the Reyes Defendants. This settlement now makes the Granting of the Appellant's Plea to the Jurisdiction as to Appellees' Count 1 & Count 2 of their Second Amended Petition moot. Accordingly, Appellees will not be submitting a Brief on their Cross Appeal and will only be submitting a Brief in response to the Appellant's Brief. Mainly, the propriety of the Denial of the Appellant's Plea to the Jurisdiction regarding Count-3 of the Appellees' Second Amended Petition, or their Regulatory Taking Claim against the City of Mason.

In response to this statement, the City asserts in its reply brief, "Lee's takings claims against the City (though never legitimate) are now moot under Appellees' pleadings **because they own the property in question** and any 'excessive noise, traffic, dusts, water intrusion, unreasonable risk of fire and other hazards' come from conditions that Appellees may create, not from anything the City has done or can do."

> As the Texas Supreme Court has recently recognized:
>
> A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have a legally cognizable interest in the outcome. Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests. A case can become moot at any time, including on appeal. When a case becomes moot, the court loses jurisdiction and cannot hear the case, because any decision would constitute an advisory opinion that is outside the jurisdiction conferred by Texas Constitution article II, section 1.

*State ex rel. Best v. Harper*, No. 16-0647, 2018 WL 3207125, at *2 (Tex. June 29, 2018) (internal quotations and citations omitted). It is therefore ORDERED that the appellees show cause in writing no later than two weeks from the date of this order why this court should not issue an opinion recognizing that their regulatory takings claim is moot and dismissing this appeal for lack of jurisdiction.

It is so ORDERED this 5th day of September, 2018.

PER CURIAM

ATTESTED TO: _____
Keith E. Hottle,
Clerk of Court